# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> FEDERAL HIGHWAY ADMINISTRATION, *et al.* <br><br> *Defendants-Appellants.* | No. 24-5532 |

## Response to Appellants'
## Motion for Voluntary Dismissal of Appeal

For the reasons discussed below, the Plaintiff-Appellee States do not oppose FHWA's Motion for Voluntary Dismissal of Appeal.

1.  FHWA's authority to regulate vehicular greenhouse gas emissions under 23 U.S.C. § 150(c)(3)(A)(ii)(IV)–(V) has been in dispute for close to a decade. FHWA first tried to exercise this authority at end of the Obama administration, 82 Fed. Reg. 5,970 (Jan. 18, 2017), only for the first Trump administration to reverse course, 83 Fed. Reg. 24,920 (May 31, 2018). This litigation was filed because of the Biden administration's attempt to revive (and expand) this purported authority. 88 Fed. Reg. 85,364 (Dec. 7, 2023). But the Trump administration once again is poised to withdraw this rule. *See* U.S. Dep't of Transp., *U.S. Transportation Secretary Sean Duffy Takes Action to*

1

*Rescind "Woke" DEI Policies and Advance President Trump's Economic Agenda* (Jan. 29, 2025), https://tinyurl.com/bdd3v6e4.[1]

2. The States are encouraged by FHWA's change in position. Dismissal of this appeal leaves in place the district court's judgment, supported by its thorough opinion. It confirms that the States will not be subject to this unlawful Rule regardless of whether this appeal is withdrawn. And it is therefore an important victory for the States and the rule of law.

3. But there is one potential drawback. Despite all the regulatory back and forth over the past four presidential administrations, no federal circuit court has ruled on the lawfulness of FHWA's actions. The States hope that FHWA does not waiver from its new position. But because past is often prologue, the States are clear-eyed about the possibility that this issue could arise again in a future administration. If that happens, federal district courts would once again be left to address challenges to FHWA's authority without the benefit of binding precedent. This game of inter-administration regulatory ping pong—a game that *Loper Bright* sought to limit—could continue apace. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 410–11 (2024) ("Under *Chevron*, a statutory

---

[1] This time around, withdrawal of the Rule through notice-and-comment rulemaking may not be necessary. As the parties explained in their briefs, a federal district court in Texas vacated the Rule under 5 U.S.C. § 706(2)(A)–(D). *See Texas v. DOT*, No. 5:23-cv-304-H, 2024 WL 1337375 (N.D. Tex. Mar. 27, 2024), *appeal pending* No. 24-10470 (5th Cir.). Although FHWA initially appealed, FHWA has informed the States it will dismiss that appeal too, thus preserving the district court's vacatur.

ambiguity, no matter why it is there, becomes a license authorizing an agency to change positions as much as it likes.").

4. This Court has the authority to address these concerns. "Rule 42(b) leaves the decision whether to grant or deny the motion [for voluntary dismissal] to [the Court's] discretion." *United States v. Brenner*, 3 F.4th 305, 306 (6th Cir. 2021). This Court grants Rule 42(b) motions when it determines that "no injustice or unfairness . . . would result from" doing so. *Id.* And the merits of the appeal can play an important role in assessing whether injustice or unfairness would result from a dismissal. In *Brenner*, for example, this Court granted the government's motion for voluntary dismissal "in large part because [a recent Supreme Court decision] squarely govern[ed] th[e] case, contravening the arguments the Government raised in this appeal." *Id.*

5. FHWA's motion, therefore, squarely places before the Court the question of the fairness of the government's request for voluntary dismissal. The States contend that, as in *Brenner*, dismissal would not be unfair "in large part because" the plain text of Subclauses (IV) and (V) directly "contraven[e] the arguments the Government raised in this appeal." *Id.* Put another way, "no injustice or unfairness . . . would result" from the dismissal of this appeal because the appeal altogether lacks merit. *Id.*

6. The Court would be well within its authority to say so when granting FHWA's motion, just as it did in *Brenner*. Doing so would fulfill the Court's "duty to explain" its decisions. J. Harvie Wilkinson III, *The Role of Reason in the Rule of Law*, 56 U.

Chi. L. Rev. 779, 798 (1989); *see also Concepcion v. United States*, 597 U.S. 481, 501 (2022) (discussing courts' "standard obligation to explain their decisions"). And it would be consistent with the Court's practice of issuing written (and sometimes published) decisions deciding Rule 42(b) motions. *See, e.g.*, *Brenner*, 3 F.4th 305; *Twp. of Benton v. Cnty. of Berrien*, 570 F.2d 114 (6th Cir. 1978).

7. For these reasons, the States do not oppose FHWA's Motion for Voluntary Dismissal of Appeal.

Respectfully submitted by,

| | |
|---|---|
| **RUSSELL COLEMAN**<br>  Attorney General | **MARTY J. JACKLEY**<br>  Attorney General |
| *s/ John H. Heyburn*<br>Matthew F. Kuhn<br>  *Solicitor General*<br>John H. Heyburn<br>  *Principal Deputy Solicitor General*<br>Jacob M. Abrahamson<br>  *Assistant Solicitor General*<br>Office of Kentucky Attorney General<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>Matt.Kuhn@ky.gov<br>Jack.Heyburn@ky.gov<br>Jacob.Abrahamson@ky.gov<br><br>*Counsel for the Commonwealth of Kentucky* | *s/ Karla L. Engle*<br>Karla L. Engle<br>  *Special Assistant Attorney General*<br>South Dakota Department of Transportation<br>700 East Broadway Ave.<br>Pierre, South Dakota 57501<br>(605) 773-4396<br>Karla.Engle@state.sd.us<br><br>*Counsel for State of South Dakota* |

<div style="display: flex;">
<div>

**STEVE MARSHALL**
  Attorney General

*s/ Edmund G. LaCour, Jr.*
Edmund G. LaCour, Jr.
  *Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

</div>
<div>

**TREG TAYLOR**
  Attorney General

*s/ Sean Lynch*
Sean Lynch
  *Chief Assistant Attorney General*
Alaska Department of Law
P.O. Box 110300
Juneau, Alaska 99811-0300
(907) 465-3600
sean.lynch@alaska.gov

*Counsel for State of Alaska*

</div>
</div>

<div style="display: flex;">
<div>

**TIM GRIFFIN**
  Attorney General

*s/ Dylan L. Jacobs*
Dylan L. Jacobs
  *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Dylan.Jacobs@ArkansasAG.gov

*Counsel for State of Arkansas*

</div>
<div>

**JOHN M. GUARD**
Acting Attorney General

*s/ Allen L. Huang*
Jeffrey P. DeSousa
  *Acting Solicitor General*
Allen L. Huang
  *Deputy Solicitor General*
Office of the Florida Attorney General
PL-01 the Capitol
Tallahassee, Florida 32399
(850) 414-3300
allen.huang@myfloridalegal.com

*Counsel for State of Florida*

</div>
</div>

**RAÚL R. LABRADOR**
  Attorney General

*s/ Alan Hurst*
Alan Hurst
  *Solicitor General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
Alan.Hurst@ag.idaho.gov

*Counsel for State of Idaho*


**BRENNA BIRD**
  Attorney General

*s/ Eric H. Wessan*
Eric H. Wessan
  *Solicitor General*
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*


**THEODORE E. ROKITA**
  Attorney General

*s/ James A. Barta*
James A. Barta
  *Solicitor General*
Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*


**KRIS W. KOBACH**
  Attorney General

*s/ Abhishek S. Kambli*
Abhishek S. Kambli
  *Deputy Attorney General*
Office of Kansas Attorney General
120 S.W. 10th Ave., 2nd Floor
Topeka, Kansas 66612
(785) 296-6109
Abhishek.kambli@ag.ks.gov

*Counsel for State of Kansas*

<div style="column-count:2">

**LYNN FITCH**
   Attorney General

*s/ Justin L. Matheny*
Justin L. Matheny
   *Deputy Solicitor General*
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205
601-359-3680
Justin.Matheny@ago.ms.gov

*Counsel for State of Mississippi*


**MICHAEL T. HILGERS**
   Attorney General

*s/ Zachary B. Pohlman*
Zachary B. Pohlman
   *Assistant Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
zachary.pohlman@nebraska.gov

*Counsel for State of Nebraska*

**AUSTIN KNUDSEN**
   Attorney General

*s/ Christian B. Corrigan*
Christian B. Corrigan
   *Solicitor General*
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for State of Montana*


**DREW H. WRIGLEY**
   Attorney General

*s/ Philip Axt*
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E Boulevard Avenue, Dept. 125
Bismarck, North Dakota 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

</div>

**DAVE YOST**
  Attorney General

*s/ T. Elliot Gaiser*
T. Elliot Gaiser
  *Solicitor General*
Mathura J. Sridharan
  *Deputy Solicitor General*
Office of the Ohio Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov
mathura.sridharan@ohio.gov

*Counsel for the State of Ohio*


**ALAN WILSON**
  Attorney General

*s/ J. Emory Smith, Jr.*
J. Emory Smith, JR.
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, South Carolina 29211
(803) 734-3642
esmith@scag.gov

*Counsel for State of South Carolina*


**GENTNER DRUMMOND**
  Attorney General

*s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
  *Solicitor General*
Jennifer L. Lewis
Office of Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921
Garry.Gaskins@oag.ok.gov
Jennifer.Lewis@oag.ok.gov

*Counsel for State of Oklahoma*


**SEAN D. REYES**
  Attorney General

*s/ Stanford E. Purser*
Stanford E. Purser
  *Solicitor General*
Utah Office of the Attorney General
350 N. State Street, Suite 230
Salt Lake City, Utah 84114
(801) 538-9600
spurser@agutah.gov

*Counsel for State of Utah*

**JASON S. MIYARES**
  Attorney General

*s/ Kevin M. Gallagher*
Kevin M. Gallagher
  *Principal Deputy Solicitor General*
Virginia Attorney General's Office
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us

*Counsel for Commonwealth of Virginia*


**BRIDGET HILL**
  Attorney General

*s/ Ryan Schelhaas*
Ryan Schelhaas
  *Chief Deputy Attorney General*
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82009
ryan.schelhaas@wyo.gov

*Counsel for State of Wyoming*

**PATRICK MORRISEY**
  Attorney General

*s/ Michael R. Williams*
Michael R. Williams
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, West Virginia 25305
(681) 313-4550
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 753 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Garamond font using Microsoft Word.

<div style="text-align: right"><i>s/ John H. Heyburn</i></div>

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div align="right">*s/ John H. Heyburn*</div>